CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2019

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TWIN TREES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 5:19-CV-3 |
| ELIZABETH HARING, | ) By: Michael F. Urbanski, |
| | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Twin Trees, LLC ("Twin Trees") filed an unlawful detainer action to evict a corporate tenant of which defendant Elizabeth Haring ("Haring") was president. After receiving a judgment in state court, Twin Trees filed two summonses to be served on Haring; after a series of missed hearings and bankruptcy petitions, Haring removed this matter to this court. Twin Trees moved to remand. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the issue of removability to United States Magistrate Judge Joel C. Hoppe for a report and recommendation. Judge Hoppe recommended Twin Trees's motion be granted, and Haring objected to this conclusion.

For the reasons stated below, the court will **OVERRULE** Haring's objection, **ADOPT** the report and recommendation in its entirety, and **GRANT** Twin Trees's motion to remand.

I.

This issue arises from a landlord-tenant dispute that began in the fall of 2014, when Twin Trees and "Hughes Insurance and Old Town Insurance" executed a three-year lease

on a building in Mount Jackson, Virginia. ECF No. 1-2, at 13. Haring (then Elizabeth Coomes) and her husband at the time, Charles R. Coomes ("Coomes"), signed on behalf of tenants Hughes Insurance/Old Town. Id. at 16–17. The tenants stopped paying rent, and in late November of 2015, both Haring and Coomes vacated the property. Id. at 11.

Twin Trees filed an unlawful detainer action to evict in the Shenandoah County General District Court in October 2015. ECF No. 7-1, at 1. The summons named "Old Town Insurance & Financial Services, Inc." as the sole defendant and alleged that Old Town had breached the lease by failing to pay $2,200 in rent and $220 in late fees. Id. Twin Trees also sought $2,451.52 in damages for renovation at the property, plus court costs and interest. Id. Twin Trees later filed a motion to amend to request additional damages and reimbursement. ECF No. 1-4, at 1–5.

After hearing argument on the amended unlawful detainer claim, the Honorable Judge W. Dale Houff of the Shenandoah County General District Court entered default judgment against Old Town in the amount of $6,877.34, plus possession of the property and late fees. See ECF No. 7-1. On March 3, 2016, Haring filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division. ECF No. 7-3, at 1. Haring had, however, filed for bankruptcy twice in the previous year, and pursuant to 11 U.S.C. § 362(c)(4)(A), the automatic stay did not go into effect. Coomes v. Structured Asset Sec., No. 5:16-cv-48, 2017 WL 2799903, at *1 (W.D. Va. June 27, 2017). When one of her creditors filed a motion to confirm that no stay was in effect, Haring asked the court to impose a stay despite the previous bankruptcy petitions. Id. On May 9, the bankruptcy court did so, with the condition Haring timely pay her mortgage and

"achieve a confirmed Chapter 13 Plan by July 6, 2016." Id. After several continuances, the bankruptcy court dismissed Haring's Chapter 13 petition on May 9, 2016 because Haring had failed to make the required payments and her proposed Chapter 13 plan that was "not feasible and confirmable." Id. at 3–4.

Meanwhile, in April 2016, Twin Trees asked the Shenandoah County General District Court to issue two summonses to answer interrogatories in connection with the default judgment against Old Town in the unlawful detainer action. ECF No. 5-1, at 1–2 & 10–11. These summonses were directed to Haring as the registered agent for Old Town but listed two different addresses. Id. The summonses are labeled "Case No. [G]V15-1876-02" and "Case No. [G]V15-1876-03," id. at 1 & 10; they are collateral proceedings brought to execute the money judgment entered against Old Town.[1] Haring was personally served at one of the addresses to which the summonses were sent, and a hearing was set for May 23, 2016. ECF No. 5-1, at 1 & 10–11. Twin Trees agreed to cancel the hearing and postpone post-judgment proceedings until Haring's bankruptcy proceedings concluded. ECF No. 7-10, at 1–2.

On September 18, 2017, Twin Trees's counsel appeared in general district court and questioned Haring about Old Town's assets. ECF No. 7-10, at 2. He felt that the responses Haring provided were "vague and incomplete," and so filed a motion for production of

---

[1] It is the above collateral proceedings that Haring has removed to federal court. On March 28, 2019, Haring filed a "Supplement to Opposition to Motion to Remand and Leave to Amend" in which she purports to remove a motion for sanctions and a motion for production of documents that Twin Trees filed in post-judgment proceedings. ECF No. 12. Haring insists this is not the unlawful detainer action but a "different case with different parties" than those named in the Summons to Answer Interrogatories, Nos. GV15-1876-02 and GV15-1976-03. ECF No. 9. Haring also argues that the state court's judgment against Old Town and the lease itself are unenforceable because they were procured by fraud or deceit and violate various state and federal laws. See generally ECF No. 1, at 4–7.

3

documents regarding the corporation's assets. Id. Judge Houff set a hearing on this motion for October 2 at 1:00 pm, but at 8:56 am that day, Haring told the court clerk and Twin Trees's counsel that she would not be present because she lived in Indiana, was having car trouble, and "could not afford to fly to Virginia and rent a car on such short notice." ECF No. 5-2, at 17. Judge Houff then entered an order directing Haring to produce the requested records in her capacity as president of Old Town. ECF No. 7-5, at 1–2.

Twin Trees filed a motion (later granted) for a hearing to determine whether Haring had complied with the order for production on December 11, 2017. ECF No. 7, at 3. The morning of the hearing, Haring informed the court clerk and Twin Trees's counsel that she would not attend the hearing because she had just filed for Chapter 11 bankruptcy with the United States Bankruptcy Court for the Eastern District of Virginia at Alexandria in Old Town's name. Id. at 3–4. Judge Houff canceled the hearing and stayed post-judgment proceedings. Haring failed to pay the filing fee for her bankruptcy petition despite having been granted an extension of time to do so, and her petition was dismissed without prejudice on May 31, 2018. Id. at 4.

After this dismissal, Judge Houff rescheduled the hearing to determine if Haring had complied with the order to produce Old Town's financial records. The hearing was set for August 20, 2018 at 2:00 pm. ECF No. 7-8. That day, at 1:10 pm, Haring informed the court clerk and Twin Trees's counsel that she had filed another Chapter 11 bankruptcy petition in Old Town's name, and again the hearing was canceled. ECF No. 7, at 5. After a hearing and a series of motions from Twin Trees, Haring, and Coomes, the bankruptcy court concluded

4

the petition had been filed in bad faith and dismissed it with prejudice on September 10, 2018. In re: Old Town II, No. 18-12856 (Bankr. E.D. Va. Sept. 10, 2018).

Judge Houff held a status conference on October 15, 2018; Haring had been hospitalized that morning and did not attend. ECF No. 1, at 12. Judge Houff set another hearing to determine if Haring had complied with the motion to produce records. ECF No. 7-13, at 1–2. Haring filed written objections arguing why Judge Houff could not proceed with this matter. ECF No. 5-3. On December 20, 2018, Twin Trees's counsel sent Haring a letter confirming the hearing scheduled for January 7, 2019 before Judge Houff at 2:00 pm and enclosed a copy of the original motion to produce. ECF No. 1-2, at 31–32.[2] Haring filed her notice of removal the morning of January 7, 2019. ECF No. 1. She emailed Twin Trees's counsel and the court clerk at 12:08 pm to inform them she would not be present at the hearing as the removal had "immediately diveste[ed]" the state court "of jurisdiction (assuming for the sake of argument that it had jurisdiction in the first instance)." ECF No. 7-14, at 1. Haring requested Judge Houff not hold the hearing, as she "imagine[d] the Federal Court would entertain a motion for sanctions upon [Twin Trees's counsel] if that occurred." Id. The hearing was continued until April 1, 2019 at 2:00 pm. See ECF No. 5, at 15.

Haring asserts that this court has original jurisdiction over the state-court proceeding on both federal question and diversity grounds. ECF No. 1. Twin Trees timely filed a motion to remand this matter to state court. ECF No. 7. Apart from contesting the grounds for removal on a substantive level, Twin Trees also asserts that Haring filed her Notice of

---

[2] Judge Houff also stated he would take up Twin Trees's "Motion for Sanctions...against Elizabeth Haring Coomes filed October 15, 2018," ECF No. 7-13, but Twin Trees's counsel withdrew this motion at the January 7 hearing. ECF No. 5-6, at 5.

Removal more than thirty days after she received the initial pleading, and even if this were not so, proceedings could not be removed when she filed her Notice because more than one year had passed since Twin Trees commenced the action. 28 U.S.C. § 1446(b)(1) & (c)(1).

In addressing the parties' arguments, Judge Hoppe assumed without deciding that: (1) the summonses to answer interrogatories issued on April 20, 2016 are the initial pleadings in Twin Trees, LLC v. Old Town Financial & Investment Services, Inc., Nos. GV15-1876-02 and GV15-1876-03; (2) the post-judgment proceeding is a civil action within the meaning of the general removal statute; and (3) Haring is a "defendant," or a real party in interest to the action, who may seek removal under 28 U.S.C. § 1441(a). Judge Hoppe stated in connection with these assumptions:

> I make these assumptions, not because Ms. Haring's arguments have any merit, but for one reason only: to resolve a straightforward question about this court's subject-matter jurisdiction without wading into a veritable thicket of contested factual issues that will not change the result.

ECF No. 15, at 12. On April 1, 2019, the magistrate judge issued a Report and Recommendation concluding that Twin Trees's motion to remand should be granted as the federal court lacked subject matter jurisdiction over the case. See id. Haring filed her objections to the Report and Recommendation on April 18, 2019. ECF No. 20.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A party who reiterates his previously raised arguments will not be given "the second bite at the apple [ ] he seeks." Id. Instead, the re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

### III.

Federal courts are courts of limited jurisdiction. "The threshold question in any matter brought before a federal court is whether the court has jurisdiction to resolve the controversy involved." 17th Street Assoc., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 591 (E.D. Va. 2005). Section 1441(a) of Title 28 of the United States Code permits a defendant to remove an action to a federal district court if the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction, and because removal jurisdiction raises significant federalism concerns, the removal statute must be strictly construed. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, a remand is necessary." Id.

The court will first address a preliminary matter of under which statute Haring removed this case. Haring argues in her objections that Judge Hoppe erred by considering removal pursuant to §§ 1331, 1332, and 1441, when she removed pursuant to § 1446(b)(3).

ECF No. 20, at 2. Section 1446(b)(3) provides that, if a case is not initially removable, a notice of removal must be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Haring cannot use § 1446(b)(3) independently of any other basis for federal subject matter jurisdiction. On its face, § 1446(b)(3) does not provide an independent basis for removal, but instead provides defendants with an avenue to remove a case that was not removable at the time of initial filing but becomes removable later. See id. This can occur with the severing or withdrawal of an in-state party or with the answering of interrogatories revealing a unique basis of removal. See Hurley v. CBS Corp., 648 Fed. App'x. 299, *303 (4th Cir. May 6, 2016) (finding that removal within 30 days of receiving answers to interrogatories revealing removability under federal-officer jurisdiction). When such an event does occur, § 1446(b)(3) provides defendants with the means to remove a case even if the original complaint was filed more than 30 days before the new circumstances arose.

Section 1446(b)(3) does not, however, provide a means of circumventing the well-pleaded complaint rule or the requirement of complete diversity. To the extent Haring argued in her objections that § 1446(b)(3) provided her with an independent basis of removal, her objection is **OVERRULED**.

### A.

In her notice of removal, Haring asserts two bases of federal subject matter jurisdiction: federal question jurisdiction and diversity of citizenship jurisdiction. ECF No. 1,

9

at 1–2. Judge Hoppe concluded that neither was present in this matter. ECF No. 15, at 16. The court will address the magistrate judge's findings, and Haring's objections, on each basis of jurisdiction in turn, beginning with federal question jurisdiction under § 1331.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has stated that a case arises under federal law within the meaning of § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28, (1983)). Haring asserts this court has original jurisdiction over the state court proceeding because the "plaintiff's state-law claim raises a disputed and substantial question of federal law, it involves Constitutional questions, [and] the interpretation of Federal laws," including the bankruptcy code and the Americans with Disabilities Act ("ADA"). ECF No. 1, at 1–2.

Haring further claimed in her notice of removal that this matter "implicate[s] significant federal issues" because (1) Twin Trees allegedly filed the summonses while Haring was protected by an automatic stay under federal bankruptcy law; (2) Judge Houff violated the ADA when he declined to continue court hearings as a reasonable accommodation for Haring's allegedly disabling medical conditions; and (3) both Judge Houff and Twin Trees's counsel have violated Haring's due process rights by not giving adequate notice of hearings and court orders. See generally ECF No. 1-3, at 10–11. Haring also argued complete preemption of the case because federal courts have "exclusive

10

jurisdiction over bankruptcy matters" and there is a dispute about whether Twin Trees violated 11 U.S.C. § 362(a) when it "filed the Interrogatories trying to enforce a judgment against her wholly owned corporation while she was protected by the automatic stay of bankruptcy." ECF No. 10, at 4. Judge Hoppe found these arguments to be frivolous:

> The fact that questions of federal law happened to come up in state-court litigation is not enough to confer original jurisdiction over the action—rather, "a plaintiff's ability to establish the necessary elements of his state law claims must rise or fall on the resolution of a question of federal law." Pinney v. Nokia, Inc., 402 F.3d 430, 449 (4th Cir. 2005) (citing Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 813 (1986)). Twin Trees's state-law claims (or requests) are rooted in Virginia's law regulating civil post-judgment proceedings in its state courts. See Va. Code §§ 8.01-506, 16.1-103. "At best, the matters [Ms. Haring] claims are federal questions may be defenses" to enforcing the state court's judgment against Old Town, "and therefore, under the well-pleaded complaint rule, [those] matters are not a proper basis for federal question jurisdiction." Fastmetrix, Inc. v. ITT Corp., 924 F. Supp. 2d 669, 674 (E.D. Va. 2013) (citing Caterpillar, 482 U.S. at 393). Moreover, Ms. Haring's introduction of issues under federal law have no bearing on the necessary elements of Twin Trees's state law claim.

ECF No. 15, at 12–13. Judge Hoppe concluded that "Twin Trees's initial pleading itself does not present a federal question," but is instead "merely a mechanism, created by state law, to aid in the enforcement of a money judgment entered against Old Town on Twin Trees's pure state-law claim for unlawful detainer." ECF No. 15, at 12.

In her objections to the Report and Recommendation, Haring alleges she first ascertained the case had become removable on December 20, 2018 with the service of Twin Trees's motion that Haring, as Old Town's president, produce Old Town's financial records, and that this motion permitted her to remove under § 1446(b)(3). ECF No. 20, at 4. She

11

claims that Judge Hoppe did not consider Twin Trees's motion as a basis for removal and thus erred in his conclusions. Id. at 3.

There is nothing in Twin Trees's motion for production that renders this matter removable. The motion is not an amended pleading presenting a federal question; the motion does not reveal the involvement of a federal officer or eliminate a nondiverse party. See ECF No. 1-2, at 33–34. Haring alleges that the motion raises questions under bankruptcy law and the ADA. ECF No. 1, at 2. That the summonses reference Haring's bankruptcy case and her motion for an ADA accommodation does not invoke federal question jurisdiction. ECF No. 20, at 3. See Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996) ("In order for a case in which the cause of action is not federally created to arise under federal law, ... the federal interest at stake must be substantial; 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" (citation omitted)). As Judge Hoppe found, the summons to answer interrogatories is "merely a mechanism, created by state law, to aid in the enforcement of a money judgment entered against Old Town on Twin Trees's pure state-law claim for unlawful detainer." ECF No. 15, at 12. Haring's objection to Judge Hoppe's conclusion on whether this case invokes federal question jurisdiction is **OVERRULED**.

### B.

Haring also asserts that this court has jurisdiction through diversity of citizenship, as established by § 1332. Section 1332 of the United States Code provides that federal courts have subject matter jurisdiction over actions in which the matter in controversy exceeds the sum of $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332. The

statute requires "'complete diversity of citizenship,'" Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990), between "real and substantial parties to the controversy," Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980). "This 'complete diversity' rule, when coupled with other rules, makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Haring asserts that this court has jurisdiction on these grounds as the amount in controversy exceeds $75,000 and the parties are diverse because Old Town is "defunct" (and besides which is neither necessary nor indispensable to this action) and because Haring herself now resides in Pennsylvania. ECF No. 20, at 6 & 26. Twin Trees asserts in its motion to remand that the legal entities Twin Trees and Old Town were both citizens of Virginia when the suit was filed in state court, and the amount in controversy is significantly less than $75,000. ECF No. 7. Judge Hoppe agreed with the defendants; the court will consider this matter in light of Haring's objections.

The court need not enter into an analysis of whether Haring moved to Pennsylvania for the purpose of creating complete diversity, or whether Haring has legally changed her citizenship by changing her residency. At the time of the initial pleading, Haring was a resident and a citizen of Virginia; Twin Trees was and is a citizen of Virginia. As Judge Hoppe pointed out in his Report and Recommendation, Haring must demonstrate by a preponderance of the evidence, Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016), that the real parties in interest to the state-court action were completely diverse "both at the time the action was originally commenced in the state court and at the time of filing the [notice] for removal,"

Rowland v. Patterson, 882 F.3d 97, 101 (4th Cir. 1989). Haring and Twin Trees were both citizens of Virginia when this action was commenced; Haring cannot establish jurisdiction under § 1332 now.

Having found an absence of complete diversity, the court need not assess the amount in controversy requirement of diversity of citizenship. However, as this element was addressed in both Judge Hoppe's Report and Recommendation and Haring's objections, the court will make a finding as to whether the amount in controversy exceeds $75,000. Judge Hoppe found that, because Twin Trees as the plaintiff in this matter included a good faith demand for a sum certain in its initial pleadings of $6,777.34, this amount is deemed by statute to be the amount in controversy. ECF No. 15, at 14. See 28 U.S.C. § 1446(c)(2). Judge Hoppe further ruled, correctly, that Haring's allegation that she may sue for more than $75,000 in the future does not affect the determination of the amount in controversy in this case. Id. The amount in controversy does not approach $75,000, let alone exceed it.

Haring claims in her objections that the amount in controversy is not limited to the amount alleged in Twin Trees's initial pleading (in this case, the summonses). ECF No. 20, at 11. She claims that this prayer for relief is "contradicted [by] plaintiff's prayers for relief in separate action [sic] based on same circumstances." Id. She also argues that she filed suit against Twin Trees on April 17, 2019, and Judge Hoppe failed to consider the economic and emotional injuries she will be pursuing in this related suit. See Coomes v. Twin Trees et al., No. 2019-07264. Haring finally points to the possibility of attorneys' fees and sanctions, in

14

particular due to Twin Trees's September 10, 2018 Motion for Sanctions.[3] See ECF No. 5-6, at 5.

Again, the removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal," Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 216 (1906), and if the initial pleading alleges a specific amount of damages in good faith, that sum is deemed to be the amount in controversy, Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). A party cannot alter the amount in controversy by a post-removal filing. See Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002) ("...a court determines the existence of diversity of jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy."). Costs and interests are not included in this calculation, id., nor are attorney's fees, unless the fees are provided for by contract or a statute mandates or permits their payment, id. at 368. Neither circumstance applies here. It stands to reason that if attorney's fees are not included in calculation of the amount in controversy, neither is a potential award for sanctions.

Haring's objections are **OVERRULED**.

### IV.

For the reasons explained above, Haring's objections to the Report and Recommendation, ECF No. 20, are **OVERRULED**, and Judge Hoppe's Report and Recommendation, ECF No. 15, is **ADOPTED** in its totality.

---

[3] Twin Trees claims to have withdrawn this motion, ECF No. 5-6, at 5; Haring argues this occurred at a state court hearing after she had removed the case, divesting the state court of jurisdiction, ECF No. 20, 8–9. For purposes of this determination, the question of whether the motion for sanctions has been withdrawn is irrelevant.

Twin Trees Motion, ECF No. 7, is **GRANTED**. This matter is **REMANDED** to state court.

An appropriate Order will be entered this day.

Entered: This 2nd day of May, 2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge